HOTTEN, J., dissenting.
I respectfully dissent from the majority opinion. I believe that the Advice of Rights form failed to provide notice to the driver of a non-commercial vehicle that his or her commercial driver’s license would be suspended for registering an alcohol concentration of 0.08 or higher.
As outlined in the majority opinion, the mandatory sanctions triggered by an alcohol concentration of at least 0.08 but less than 0.15, and the mandatory sanctions triggered by an alcohol concentration of 0.15 or higher, “apply to commercial driver’s licenses and non-commercial driver’s licenses alike.” *194 Maj. Op. at 164, 136 A.3d at 896. Accordingly, due process required that the Advice Rights form include notice of these sanctions, and that any information provided not be “misleading or inaccurate.” See Md.Code (1977, Repl.Vol.2012, 2015 Supp.), § 16 — 205.1(b)(2)(iii) and (b)(2)(iv) of the Transportation Article (“TR”) (noting that “the police officer shall ... [ajdvise the person of the administrative sanctions that shall be imposed for test results indicating an alcohol concentration of at least 0.08 but less than 0.15 at the time of testing[,]” along with “the administrative sanctions ... for test results indicating an alcohol concentration of 0.15 or more[.]”); see also Hill v. Motor Vehicle Admin., 415 Md. 231, 244, 999 A.2d 1019, 1026 (2010) (“[A]ny consideration of whether Hill’s due process rights were violated will hinge solely on an analysis of whether the [Advice of Rights] form ... correctly advised Hill of the proper sanctions applicable under the statute without being misleading.”).
In the case at bar, the Advice of Rights form failed to provide notice of the mandatory sanctions affecting a commercial driver’s license, or, at a minimum, was misleading concerning those sanctions. Under the heading “Suspension of Your Maryland Driver’s License or Driving Privilege”, the Advice of Rights form provided:
The following periods of suspension shall be imposed against your license or privilege to drive in Maryland: If your test result is an alcohol concentration of at least 0.08 but less than 0.15: The suspension will be 45 days for a first offense and 90 days for a second or subsequent offense.
If your test result is an alcohol concentration of 0.15 or more: The suspension will be 90 days for a first offense and 180 days for a second or subsequent offense.
If you refuse to submit to a test: The suspension will be 120 days for a first offense and one (1) year for a second or subsequent offense. An additional criminal penalty of not more than $500 or imprisonment for not more than 2 months!,] or both, may be imposed under [TR] § 27-101(x) [ ] if you are convicted of a drunk or drugged driving offense *195 under [TR] § 21-902, and the judge or jury finds beyond a reasonable doubt that you knowingly refused to take a test arising out of the same eircumstances[.] If you hold a commercial driver’s license [] and were driving a noncommercial motor vehicle ivhen you were stopped, and refuse to submit to a test, your [commercial driver’s license] or privilege will be disqualified for one (1) year for a first ojfense[J or for life if your [commercial driver’s license] or privilege has been previously disqualified for at least one (1) year under [TR] § 16-812(a) or (b) [], a federal law, or any other [S]tate’s law[] If you were driving a commercial motor vehicle and refuse the test, your [commercial driver’s license] or privilege will be disqualified as set forth below[.]
(emphasis omitted) (emphasis added). The phrase, “[t]he following periods of suspension shall be imposed against your license ... [,]” could be perceived as encompassing only noncommercial driving privileges, (emphasis added). This is because the Advice of Rights form, when describing the sanction for refusal to take an alcohol concentration test, lists the suspension that shall be imposed on a driver’s license, and also references a one-year “disqualification” of a “commercial driver’s license” or “CDL.” The inclusion of the terms “CDL” and “disqualification”, as distinguished from “license” and “suspension” elsewhere in the form, gives the impression that a “suspension” of the driver’s “license” is not as all-encompassing as the majority would suggest. Thus, the description of the sanctions for taking and failing an alcohol concentration test, which only pertain to the driver’s “license”, did not provide notice of the mandatory sanctions affecting the driver’s commercial license.
This Court’s opinion in Hill, where we held that the Advice of Rights form did not mislead a driver that the disqualification of his CDL could be modified through participation in the ignition interlock program, is instructive. 415 Md. at 248, 999 A.2d at 1028. In that case, we noted, inter alia, that the section of the form under the heading “Modification of the Suspension or Issuance of a Restrictive License” did not *196 “mention a CDL or commercial driving privileges[,]” so the Advice of Rights form did not mislead Mr. Hill or “incompletely advise [him] of the applicable sanctions[.]” Id. at 246, 999 A.2d at 1027-28. Our reasoning in Hill — indicating that commercial driving privileges are only at issue where the form makes specific mention of a commercial driver’s license— should apply to all sections of the Advice of Rights form. Therefore, if the section of the form concerning modifications did not pertain to commercial driving privileges because the term “CDL” was missing in Hill, then the section of the form discussing suspensions, which also omits the term “CDL,” should be interpreted similarly in the case at bar.
I agree with the majority that it would be inconsistent with the protection of the public, “if a holder of a commercial driver’s license failed ... an alcohol concentration test and ... remained able to drive commercial vehicles.” Maj. Op. at 187, 136 A.3d at 910. However, we are not tasked with interpreting the Advice of Rights form in a way that will best serve the public good, and we should not expect a driver detained on suspicion of drunk or drugged driving to contemplate the meaning of the form in such a public-spirited manner. The plain language of the Advice of Rights form leads a driver to believe that his or her commercial driving privileges would be unaffected by the failure of an alcohol concentration test. I would therefore affirm the decision of the circuit court.